UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

SHAWANO GUN & LOAN, LLC,
d/b/a SHAWANO GUN & LOAN,

        Petitioner,        Case No.

vs.

MARY JO HUGHES, Director of Industry
Operations, Bureau of Alcohol, Tobacco,
Firearms and Explosives,

        Respondent.

---

**PETITION FOR JUDICIAL REVIEW**

---

Petitioner, Shawano Gun & Loan, LLC, d/b/a Shawano Gun & Loan (Shawano Gun), appearing by its legal counsel Raymond M. Dall'Osto and Gimbel, Reilly, Guerin & Brown, hereby files a petition for judicial review of the determination by the Respondent that its federal firearms license (FFL) should be revoked effective February 18, 2009.

1. This is a petition for *de novo* judicial review of the revocation of Shawano Gun's license as a dealer in firearms other than destructive devices, and is brought pursuant to 18 U.S.C. §923(f)(3).

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 as it arises under the Constitution and laws of the United States of America.

3. Venue is proper in the Eastern District of Wisconsin as Shawano Gun's place of business is in the City of Shawano, County of Shawano, State of Wisconsin, which is in the Eastern District of Wisconsin.

## PARTIES

4. Shawano Gun is a retailer whose primary source of customer traffic, income and business is related to the sale of firearms and the pledging of firearms in exchange for pawn loans.

5. Shawano Gun is licensed under 18 U.S.C. §923 as a dealer in firearms other than destructive devices (License no. 3-39-115-02-8E-02064).

6. Mary Jo Hughes (hereafter DIO) is the Director of Industry Operations, St. Paul Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

## FACTS

7. On October 30, 2007, a notice of revocation of Shawano Gun's FFL was issued by the DIO and served on Shawano Gun by certified mail.

8. Shawano Gun, by and through its legal counsel, timely requested a hearing to review the revocation of its license pursuant to 18 U.S.C. §923(f)(2) and 27 C.F.R. §478.73.

9. Shawano Gun also requested a stay of the effective date of the license revocation and to allow the license issued to Shawano Gun to remain in effect pending a hearing and decision by the ATF, pursuant to 18 U.S.C. §923(f)(2) and 27 C.F.R. §478.78. This stay of revocation was granted and remains in effect.

10. A hearing was held on August 7, 2008 at the ATF Field Office in Milwaukee, Wisconsin, and was presided over by Hearing Officer Michael R. Price.

11. On or about December 22, 2008, Shawano Gun and its attorneys received a Final Notice of Revocation of its federal firearms license (Final Notice) from the DIO, which notes on the first page that the notice was served by certified mail on December 19, 2008. A copy is attached and incorporated herein as Exhibit 1.

12. The Findings and Conclusions accompanying the Final Notice of Revocation states at page 3 that Shawano Gun's current FFL originated from a FFL issued in 1998 to Timothy Backes (Backes), as sole proprietor of Shawano Gun & Loan (License No. 3-39-115-02-4H-37346), as a sole proprietor.

13. In 2005, Shawano Gun & Loan LLC was licensed as a firearms dealer, including pawn broker and firearms other than destructive devices, with the aforementioned FFL. Backes was and remains the owner of Shawano Gun.

14. The DIO, in the Findings and Conclusions at page 4, states that Backes' legal obligations and previous knowledge as a licensed federal firearms dealer should be imputed to Shawano Gun & Loan LLC and its employees.

15. Prior to his becoming the owner and operator of Shawano Gun & Loan in 1998, Timothy Backes's prior work experience was in the grocery business, not in the business of selling firearms or pledging such as collateral for pawn loans. Backes learned about ATF rules and requirements by his on-the-job experience, not through any formal training.

16. During the relevant time period (1998-2007) referenced in the "compliance history" section of the Findings and Conclusions (pages 3 and 4), Backes went from a manual recordkeeping system for firearm sales and pawns to a computerized system utilizing the services and software of a company known as Pawn Master.

17. Shawano Gun had numerous problems with Pawn Master and its software, which contributed to problems it had with ATF audits of its operations and recordkeeping, but has made significant efforts to identify and address these issues, some of which form the basis for the DIO's license revocation decision.

18. In addition, Shawano Gun had problems with a few employees over the same time period, who did not comply with Backes' directions and ATF requirements in properly completing the required federal firearms transaction records for over-the-counter sales and pledges, ATF Form 4473. A representative copy of a recent Form 4473 is attached hereto and incorporated herein as Exhibit 2 for the court's information.

19. Shawano Gun and Backes took action against these employees when they discovered the problems, errors and omissions and terminated some of them, when they did not take heed and become more careful and improve their performance in adequately completing the Form 4473 forms.

20. At the August 7, 2008 hearing before Hearing Officer Price, Shawano Gun presented an itemized response and explanation relative to the five general grounds the DIO alleged merited revocation of its FFL and to the transactions that were questioned, including testimony of Backes, of a computer expert who was retained to identify and help remedy the problems with Pawn Master, and

affidavits and other exhibits related to and explaining transactions identified by ATF auditors, which the DIO characterizes as "straw purchases".

## COUNT 1

21. Paragraphs 1-20 are incorporated herein by reference.

22. In the Final Notice, the DIO found as Ground One for revocation of license that Shawano Gun willfully violated 18 U.S.C. §923(g)(1)(A) and 27 C.F.R. §478.125(e) in that "the Licensee willfully disposed of Fifty-four (54) firearms . . . to non-licensees and willfully failed to record said dispositions in its acquisitions and disposition book" (A & D Book).

23. 18 U.S.C. §923(g)(1)(A) provides in pertinent part:

> Each licensed . . . dealer shall maintain such records of . . . receipt, sale, or other disposition of firearms at his place of business for such period, and in such form, as the Attorney General may be regulations prescribe.

24. 18 U.S.C. §926(a) provides in pertinent part: "[t]he Attorney General may prescribe only such rules and regulations as are necessary to carry out the provisions of this chapter . . ."

25. 27 C.F.R. §478.125(e) prescribes the manner in which the A & D record book shall be kept, which can be in written form or by computerized recordkeeping, such as the Pawn Master program was supposed to accomplish.

26. Shawano Gun did not willfully violate 18 U.S.C. §923(g)(1)(A) and 27 C.F.R. §478.125(e) in that any errors and omissions in logging dispositions into

6

it's A & D Book were inadvertent, technical recordkeeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care, or done with the intent to do something the law forbids or with bad purpose to disobey the law, or with purposeful disregard or plain indifference to the record keeping requirements and the law. Further, Shawano Gun has taken steps to remedy this problem and license revocation is an inordinate penalty to impose, based on the Licensee's willingness to work with the ATF and its cooperation and good reputation with law enforcement and respect in the community.

## COUNT II

27. Paragraphs 1-20 are incorporated herein by reference.

28. In the Final Notice, the DIO found as Ground Two that Shawano Gun willfully violated 18 U.S.C. §923(g)(1)(A) and 27 C.F.R. §478.124(c) in that Shawano Gun "failed to obtain complete and correct Firearms Transaction Records (ATF Forms 4473) relating to transfers of firearms to nonlicensees" on thirteen occasions.

29. Shawano Gun did not willfully violate 18 U.S.C. §923(g)(1)(A) and 27 C.F.R. §478.124(c) in that the alleged failures to complete and correct ATF Forms 4473 were inadvertent, technical recordkeeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of

ordinary care, or done with the intent to do something the law forbids or with bad purpose to disobey the law, or with purposeful disregard or plain indifference to the record keeping requirements and the law. Further, Shawano Gun has taken steps to remedy this problem and license revocation is an inordinate penalty to impose, based on the Licensee's willingness to work with the ATF and its cooperation and good reputation with law enforcement and respect in the community.

## COUNT III

30. Paragraphs 1-20 are incorporated herein by reference.

31. In the Final Notice, the DIO found as Ground Three that Shawano Gun willfully violated 18 U.S.C. §923 by "willfully making false entries, and aiding and abetting the making of false entries by another, in a record to be kept in accordance with the sale or transfer of a firearm in five (5) transactions," which "activities can result in illegal 'straw sales' to prohibited persons".

32. Shawano Gun did not willfully violate 18 U.S.C. §923 by conducting illegal "straw sales" and the evidence and affidavits it presented at the August 7, 2008 hearing serve to rebut the allegation that these were intentional "straw sales," and any failures or errors on Shawano Gun's part were inadvertent, technical recordkeeping errors, which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care, or done with

the intent to do something the law forbids or with bad purpose to disobey the law, or with purposeful disregard or plain indifference to the record keeping requirements and the law. Further, Shawano Gun has taken steps to remedy this problem and license revocation is an inordinate penalty to impose, based on the Licensee's willingness to work with the ATF and its cooperation and good reputation with law enforcement and respect in the community.

## COUNT IV

33. Paragraphs 1-20 are incorporated herein by reference.

34. In the Final Notice, the DIO found as Ground Four that Shawano Gun willfully violated 18 U.S.C. §922(d)(9) and 27 C.F.R. §478.99(c)(9) in that on three occasions "the Licensee willfully sold and transferred a firearm to a non-licensee where the transferee answered "yes" to Item 11d and 11i that he or she was a 'prohibited person" on the ATF Form 4473".

35. Shawano Gun did not willfully violate 18 U.S.C. §922(d)(9) and 27 C.F.R. §478.99(c)(9) and, as the testimony and evidence provided by it at the August 7, 2008 hearing establish, any failures or errors on Shawano Gun's part were not intentional, the required background checks were done and any errors were inadvertent, were not willful, intentional or deliberate or aggravated or extreme departures from standards of ordinary care, or done with the intent to do something the law forbids or with bad purpose to disobey the law, or with

9

purposeful disregard or plain indifference to the recordkeeping requirements and the law. Further, Shawano Gun has taken steps to remedy this problem and license revocation is an inordinate penalty to impose, based on the Licensee's willingness to work with the ATF and its cooperation and good reputation with law enforcement and respect in the community.

## COUNT V

36. Paragraphs 1-20 are incorporated herein by reference.

37. In the Final Notice, the DIO found as Ground Five that Shawano Gun willfully violated 18 U.S.C. §923(g)(1)(A) and 27 C.F.R. §478.124(a) and (c) in that "the Licensee willfully sold or otherwise disposed of firearms where the transferee indicated that they were not the actual purchaser".

38. Shawano Gun did not willfully violate 18 U.S.C. §923(g)(1)(A) and 27 C.F.R. §478.124(a) and (c), and as the testimony and evidence provided by it at the August 7, 2008 hearing establish, any failures or errors on Shawano Gun's part were not willful or intentional, the required background checks were done and any errors were inadvertent, not intentional or deliberate or aggravated or extreme departures from standards of ordinary care, or done with the intent to do something the law forbids or with bad purpose to disobey the law, or with purposeful disregard or plain indifference to the recordkeeping requirements and the law. Further, Shawano Gun has taken steps to remedy this problem and

license revocation is an inordinate penalty to impose, based on the Licensee's willingness to work with the ATF and its cooperation and good reputation with law enforcement and respect in the community.

## **STAY OF REVOCATION PENDING JUDICIAL REVIEW**

39. Counsel for Shawano Gun has requested and the DIO has exercised her discretion, pursuant to 27 C.F.R. §478.78, and granted the request for a postponement of the February 18, 2009 effective date of the revocation of the license pending judicial review, so that Shawano Gun can continue its operations.

40. Shawano Gun and its counsel appreciate the DIO's grant of this request and continuation of the previous stay and thus are not requesting a stay order from the court at this time.

WHEREFORE, Shawano Gun respectfully requests that this court:

1) Obtain and review the complete record of proceedings related to the license revocation, including the recommendations of Hearing Officer Price;

2) Allow discovery and supplementing of the factual record and legal arguments by the Licensee prior to the *de novo* review;

3) Conduct a *de novo* review and hearing on the underlying facts and the decision of the DIO to revoke the Licensee's federal firearms dealer license;

4) Decide that the DIO erred, did not have adequate grounds and was not authorized to revoke Shawano Gun's license;

5) Order the DIO to withdraw the revocation; and

6) Award such other relief, including costs and attorneys' fees, as the court may deem appropriate.

Dated this 13th day of February, 2009.

GIMBEL, REILLY, GUERIN & BROWN

By: s/ Raymond M. Dall'Osto
    RAYMOND M. DALL'OSTO
    State Bar No. 1017569
Attorneys for Petitioner and Licensee
    Shawano Gun & Loan, LLC

POST OFFICE ADDRESS:

Two Plaza East, Suite 1170
330 East Kilbourn Avenue
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440

*civl/shawanogun/petforreview 2009-02-13*