UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWANO GUN & LOAN, LLC
d/b/a SHAWANO GUN & LOAN,

        Petitioner,

        v.                                      Case No. 09-C-150

MARY JO HUGHES, Director of Industry
Operations, Bureau of Alcohol, Tobacco,
Firearms and Explosives,

        Respondent.

## ANSWER TO PETITION FOR JUDICIAL REVIEW

    Respondent Mary Jo Hughes, Director of Industry Operations, Bureau of Alcohol, Tobacco, Firearms and Explosives ("Respondent" or "ATF"), by her attorneys, Michelle L. Jacobs, Acting United States Attorney for the Eastern District of Wisconsin, and Lisa T. Warwick, Assistant United States Attorney for said district, hereby answers Shawano Gun & Loan, LLC, d/b/a Shawano Gun & Loan's ("Shawano Gun" or "Petitioner") Petition for Judicial Review as follows:

    1.    Respondent ATF admits the allegations set forth in ¶ 1.

### JURISDICTION AND VENUE

    2.    Respondent ATF admits the allegations set forth in ¶ 2.

    3.    Respondent ATF admits the allegations set forth in ¶ 3.

    4.    Respondent ATF admits that Petitioner is a licensed firearms dealer (including pawnbroker) in other than destructive devices. Respondent ATF is without sufficient

information to affirm or deny the remaining allegations set forth in ¶ 4 and therefore denies same.

5. Respondent ATF admits the allegations set forth in ¶ 5.

6. Respondent ATF admits the allegations set forth in ¶ 6.

**FACTS**

7. Respondent ATF admits the allegations set forth in ¶ 7.

8. Respondent ATF admits the allegations set forth in ¶ 8.

9. Respondent ATF admits the allegations set forth in ¶ 9.

10. Respondent ATF admits the allegations set forth in ¶ 10.

11. Respondent ATF admits the allegations set forth in ¶ 11.

12. Respondent ATF admits the allegations set forth in ¶ 12.

13. Respondent ATF admits that Petitioner was licensed as a firearms dealer, including pawnbroker in 2005, and that Timothy Backes was and remains the owner of Shawano Gun & Loan, LLC. Respondent ATF denies the phrase "with the aforementioned FFL."

14. Respondent ATF admits the allegations set forth in ¶ 14.

15. Respondent ATF is without sufficient information to affirm or deny the allegations set forth in ¶ 15 and therefore denies same. Respondent ATF affirmatively asserts that ATF personnel instructed Timothy Backes about ATF rules and requirements.

16. Respondent ATF admits that at some point Timothy Backes sought to use a computerized record keeping system that appears to utilize software and the services of "Pawn Master," as opposed to a manual record keeping system as alleged in ¶ 16. Respondent ATF affirmatively alleges that at no time prior to when Timothy Backes first attempted to make this change in the record keeping system nor when Timothy Backes first attempted to use a

2

computerized record keeping system, did he request or obtain the required approvals from Respondent ATF.

17. Respondent ATF is without sufficient information to affirm or deny the allegations set forth in ¶ 17 and therefore denies same. Respondent ATF affirmatively alleges that evidence of correction of the violations – or subsequent reformation of business practices to bring the licensee into compliance – is not probative as to whether the violations were willful because the statute focuses on willfulness at the time the violations occurred and consideration of such corrective action taken subsequent to the violations would prevent ATF from ever revoking a license because the licensee could avoid revocation simply by coming into compliance before judicial review.

18. Respondent ATF is without sufficient information to affirm or deny the allegations set forth in ¶ 18 and therefore denies same. Respondent ATF affirmatively alleges that Petitioner had an obligation to keep required books and records and to comply with the law whether such problems existed or not.

19. Respondent ATF is without sufficient information to affirm or deny the allegations set forth in ¶ 19 and therefore denies same. Respondent ATF affirmatively alleges that Petitioner had an obligation to keep required books and records and to comply with the law whether such problems existed or not and/or were attributable to employees. Respondent ATF further affirmatively alleges that evidence of correction of the violations – or subsequent reformation of business practices to bring the licensee into compliance – is not probative as to whether the violations were willful because the statute focuses on willfulness at the time the violations occurred and consideration of such corrective action taken subsequent to the violations

3

Case 2:09-cv-00150-WCG    Filed 06/25/09    Page 3 of 8    Document 10

would prevent ATF from ever revoking a license because the licensee could avoid revocation simply by coming into compliance before judicial review.

20. Respondent ATF admits the allegations set forth in ¶ 20.

## COUNT 1

21. Respondent ATF hereby incorporates by reference its answers and other responses to Paragraphs 1-20.

22. Respondent ATF admits the allegations set forth in ¶ 22.

23. Respondent ATF admits that the statute, 18 U.S.C. § 923(g)(1)(A) is correctly quoted, but is without sufficient information to affirm or deny that the quoted section is "pertinent" and therefore denies this allegation. Respondent ATF affirmatively alleges that the quoted statute speaks for itself and must be read in its entirety.

24. Respondent ATF admits that the statute, 18 U.S.C. § 926(a) is correctly quoted, but is without sufficient information to affirm or deny that the quoted section is "pertinent" and therefore denies this allegation. Respondent ATF affirmatively alleges that the quoted statute speaks for itself and must be read in its entirety.

25. Respondent ATF admits that 27 C.F.R. § 478.125(e) prescribes the manner in which the A&D record book shall be kept as alleged in ¶ 25. Respondent ATF is without sufficient information to affirm or deny the remaining allegations and therefore denies same. Respondent ATF further affirmatively alleges that in order to use computerized record keeping, Petitioner was required to obtain ATF approval in advance and failed to do so.

26. Respondent ATF denies the allegations set forth in ¶ 26. Respondent ATF affirmatively alleges that evidence of correction of the violations – or subsequent reformation of

4

business practices to bring the licensee into compliance – is not probative as to whether the violations were willful because the statute focuses on willfulness at the time the violations occurred and consideration of such corrective action taken subsequent to the violations would prevent ATF from ever revoking a license because the licensee could avoid revocation simply by coming into compliance before judicial review.

## COUNT II

27. Respondent ATF hereby incorporates by reference its answers and other responses to Paragraphs 1-20.

28. Respondent ATF admits the allegations set forth in ¶ 28.

29. Respondent ATF denies the allegations set forth in ¶ 29. Respondent ATF affirmatively alleges that evidence of correction of the violations – or subsequent reformation of business practices to bring the licensee into compliance – is not probative as to whether the violations were willful because the statute focuses on willfulness at the time the violations occurred and consideration of such corrective action taken subsequent to the violations would prevent ATF from ever revoking a license because the licensee could avoid revocation simply by coming into compliance before judicial review.

## COUNT III

30. Respondent ATF hereby incorporates by reference its answers and other responses to Paragraphs 1-20.

31. Respondent ATF admits the allegations set forth in ¶ 31.

32. Respondent ATF denies the allegations set forth in ¶ 32. Respondent ATF affirmatively alleges that evidence of correction of the violations – or subsequent reformation of

business practices to bring the licensee into compliance – is not probative as to whether the violations were willful because the statute focuses on willfulness at the time the violations occurred and consideration of such corrective action taken subsequent to the violations would prevent ATF from ever revoking a license because the licensee could avoid revocation simply by coming into compliance before judicial review.

## COUNT IV

33. Respondent ATF hereby incorporates by reference its answers and other responses to Paragraphs 1-20.

34. Respondent ATF admits the allegations set forth in ¶ 34.

35. Respondent ATF denies the allegations set forth in ¶ 35. Respondent ATF affirmatively alleges that evidence of correction of the violations – or subsequent reformation of business practices to bring the licensee into compliance – is not probative as to whether the violations were willful because the statute focuses on willfulness at the time the violations occurred and consideration of such corrective action taken subsequent to the violations would prevent ATF from ever revoking a license because the licensee could avoid revocation simply by coming into compliance before judicial review.

## COUNT V

36. Respondent ATF hereby incorporates by reference its answers and other responses to Paragraphs 1-20.

37. Respondent ATF admits the allegations set forth in ¶ 37.

38. Respondent ATF denies the allegations set forth in ¶ 38. Respondent ATF affirmatively alleges that evidence of correction of the violations – or subsequent reformation of

6

business practices to bring the licensee into compliance – is not probative as to whether the violations were willful because the statute focuses on willfulness at the time the violations occurred and consideration of such corrective action taken subsequent to the violations would prevent ATF from ever revoking a license because the licensee could avoid revocation simply by coming into compliance before judicial review.

## STAY OF REVOCATION PENDING JUDICIAL REVIEW

39. Respondent ATF admits the allegations set forth in ¶ 39.

40. Paragraph 40 fails to set forth an allegation and thus no answer is required.

By way of further answer, Respondent ATF denies that Petitioner is entitled to any of the relief sought in the section commencing with "WHEREFORE."  To the extent a further response is required, Respondent ATF denies the allegations contained in Petitioner's "WHEREFORE" section.

Any allegation in the petition for judicial review that is not the subject of a specific admission or denial is deemed as denied.

WHEREFORE, having fully answered Petitioner's Petition for Judicial Review, Respondent ATF, respectfully moves this Court to uphold the firearms license revocation, for its costs incurred herein and for such other relief as is just and proper.

Dated this 25th day of June, 2009, at Milwaukee, Wisconsin.

    MICHELLE L. JACOBS
    Acting United States Attorney

By:

    /s/LISA T. WARWICK
    Assistant United States Attorney
    Bar Number 1017754

Attorney for Respondent
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1786
Facsimile: (414) 297- 4394
Email: Lisa.Warwick@usdoj.gov

Agency Counsel:
Patricia R. Cangemi
Division Counsel, St. Paul Field Division
Bureau of Alcohol, Tobacco, Firearms and Explosives
St. Paul, MN 55101