# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SHAWANO GUN & LOAN, LLC
d/b/a SHAWANO GUN & LOAN,

                Petitioner,

        v.                          Case No. 09-C-150

MARY JO HUGHES, Director of Industry
Operations, Bureau of Alcohol, Tobacco,
Firearms and Explosives,

                Respondent.

## RESPONDENT'S PROPOSED FINDINGS OF FACT IN SUPPORT OF RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Now comes the respondent by her attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Lisa T. Warwick, Assistant United States Attorney for said district, and pursuant to Civil L.R. 56.2 submits these Proposed Findings of Fact.

1.      In 1998, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") issued a federal firearms license (License No. 3-39-115-02-4H-37346) to Timothy Backes as a sole proprietor of Shawano Gun & Loan ("Shawano" or "Licensee") as a dealer in firearms other than destructive devices. (Trans. pp. 11-12; Exh. Gx-8, Gx-14).[1]

---

[1] Citations to documents contained within the certified administrative record will include the title of the document along with the docket entry designation (Docket # 16). Citations to the certified transcript of the administrative hearing will be identified as "Trans." followed by a page designation. Citations to the exhibits (used at the administrative hearing and a part of the certified record) will be designated as "Exh. Gx" for a government exhibit or "Exh. Lx"for a licensee' exhibit each followed by a page designation if available.

2. On July 15, 1998, as part of the 1998 federal firearms license application and licensing process, an application inspection was conducted by ATF Inspector James Jewell[2] with Timothy Backes as sole proprietor of Shawano. (Trans. pp. 9-10; Exh. Gx-8)

3. As a part of the application inspection, ATF Inspector James Jewell completed a document dated July 20, 1998, that includes a summary of the application inspection along with a section entitled, "STATEMENT OF FACTS." (Exh. Gx-8, p. 22-23).

4. ATF Inspector James Jewell states, in part, the following in the document dated July 20, 1998:

> I completed an original application inspection with Mr. Timothy Backes, Sole-Proprietor. Also present at the inspection was John Anderson of Wausau Gun and Pawn. Mr. Anderson is the property owner and advisor to Mr. Backes. A copy of the lease agreement was obtained during the inspection. The proposed place of business is currently a bar which will be re-modeled into a retail store . . .
>
> I completed a review of the record keeping requirements per the "Firearms Application Inspection Workplan," including completion of the "Firearms Regulation Review" worksheet. I completed an extensive review of the records required for a pawnbroker.
>
> Mr. Backes's business intentions are to establish a pawnshop. Mr. Anderson will be advising Mr. Backes concerning all aspects of the business. Some of the start-up inventory will be purchased from Mr. Anderson.
>
> I advised Mr. Backes of the Wisconsin requirements for the background check and 48 hr. waiting period for the sale of handguns, and the pending NICS checks for long guns. I also advised Mr. Backes of the requirements for additional background checks for redemption of firearms. Additionally, Mr. Backes will obtain a Wisconsin Seller's Permit for payment of sales tax.

---

[2]The current title for this position is "Industry Operations Investigator."

(Exh. Gx-8, pp. 22-23)

5.     As a part of the application inspection, Timothy Backes affixed his signature above a

signature line for the applicant on a document entitled, "FIREARMS REGULATION

REVIEW" attesting to the following language on that form: "On this date 7-15-98, I agree

the above information was thoroughly explained to me by an ATF Inspector and any

questions regarding the above information have been answered to my satisfaction.  I have

received a copy of this document for my records."

(Exh. Gx-8, p. 25).

6.     In December 1999, ATF Special Operations Inspector ("SOI") John Moore conducted the

first compliance inspection of Shawano.  (Trans. p. 12; Exh. Gx-9).

7.     The compliance inspection disclosed nine violations as follows:

a).  Failure to ensure accurate completion of ATF Forms 4473.  Errors include the

failure to complete section A of the forms at the time of initial firearms disposition, the

use of "N" and "Y" in section 9, the failure to complete section C recertification after

transaction delays, and the use of outdated photocopied forms.

b).  Failure to maintain completed ATF Forms 4473 in alphabetical, chronological, or

numerical order.  Failure to maintain at least two forms representing completed

transactions.

c).  Irreconcilable differences exist regarding two firearms dispositioned on ATF Form

4473, C-044.

d).  Failure to maintain the A/D book record for the period of 8/04/99 to 12/01/99.  A

computerized record was maintained without first obtaining a variance approval.

3

e). Failure to timely record disposition entries in at least 145 instances.

f). Failure to timely record acquisition entries in at least three instances. This is evidenced particularly during firearm returns.

g). Completed the A/D book disposition entry when the firearm had not been transferred.

h). Failure to record acquisition and disposition information regarding a Browning pistol, serial # 340383. This firearm was reportedly taken into the personal collection of owner Timothy Backus [sic] sometime between 8/01/98 and 12/01/99.

i). Failure to properly record firearm model and serial numbers into the A/D book in at least 23 instances.

(Trans. pp. 13-14; Exh. Gx- 9, pp. 2-27; Gx-10).

8. On December 21, 1999, Timothy Backes signed as owner of Shawano an ATF Inspection Report Copy attesting to the fact that he received a copy of the report of violations. (Trans. p. 13; Exh. Gx-10).

9. The ATF Inspection Report Copy sets forth the nine violations and the corrective action to be taken. (Exh. Gx-10).

10. In the summary document of the first compliance inspection dated January 20, 2000, SOI Moore states, in part, "[p]roper form [4473] completion of initial section A submission with section C recertification was demonstrated to Mr. Backus [sic]." (Exh. Gx-9, p. 30).

11. Owner Timothy Backes submitted a variance request on or about December 15, 2001, and the request was approved by ATF on January 28, 2002, which allowed Mr. Backes to utilize a computerized record system. (Trans. p.16; Exh. Gx-54, pp. 193-194).

4

12. The January 29, 2002, approval letter states that the approval has the following stipulations, including, "You must prepare a printout of all A&D records: a. at least semiannually; b. upon request of an ATF officer; c. when the system memory is purged; d. when the business is discontinued." (Trans. pp. 16-17; Exh. Gx-54, p. 193).

13. In June 2004, ATF Inspector Casimir Mleczko conducted a second compliance inspection of Shawano. (Trans. p. 17; Exh. Gx-13).

14.  The second compliance inspection disclosed six violations as follows:

a). Licensee [Timothy Backes] completed Forms 4473 and transferred 11 firearms at a tavern in Shawano, Wisconsin, on 11/14/03. The occasion was a raffle or give-away of firearms by the tavern and did not qualify as an "event" under the applicable Code of Federal Regulations. (Exh. Gx-12, p. 41).

b). Licensee [Timothy Backes] failed to provide non licensees with written notification upon the transfer of handguns and failed to display sign (ATF I 5300.2) required by this section [the Youth Handgun Safety Act]. *Id.*

c). On seven (7) instances, licensee [Timothy Backes] transferred a firearm to an individual that licensee had reason to believe was prohibited. Specifically, these individuals answered "yes" to a question in items 12(b) through 12(l) of Form 4473. (Exh. Gx-12, pp. 41-42).

d). Licensee [Timothy Backes] failed to ensure the proper execution of Form 4473. Forms 4473 were found with improper (P.O. Box) or incomplete address in item 2. Blank answers to questions in item 12 were accepted on two Forms. 18 Forms 4473 were found with missing or improper identification (Tribal ID cards). 18 Forms 4473 had

5

missing information relating to NICS/State background check such as date, transaction number or response. In 17 instances, Forms 4473 were signed/dated either prior to or after the actual date of transfer of a firearm. In item 12 of Form 4473, "Y" or "N" was accepted as opposed to the required "Yes" or "No." (Exh. Gx-12, p. 42)

e). Licensee [Timothy Backes] failed to maintain an accurate record of receipt and disposition. An inaccurate firearm model or serial number was found recorded in 36 instances. Licensee failed to make timely entries or made inaccurate entries in 10 instances. One firearm, a Harrington Richardson Trapper .22 cal. Revolver s/n 146234, could not be accounted for. *Id*.

f). Licensee [Timothy Backes] failed to comply with a requirement of his ATF approved computer variance to make a semi-annual hard copy print of his computer receipt/disposition record. At the time of the inspection, the hard copy print was dated 4/11/03. (Trans. pp. 20-26; Exh. Gx-12, p. 43).

15. During the 2004 second compliance inspection, Timothy Backes was present and interviewed during the course of the inspection along with Scott Backes, identified as the manager of Shawano. (Trans. pp. 19-20, 29; Exh. Gx-12, p. 40).

16. A closing conference was held on July 14, 2004, with Inspector Mleczko and Timothy Backes where inspection findings were reviewed and a Report of Violations was issued along with a review of the Federal Firearms Regulations with Mr. Backes receiving a copy of the review. (Trans. pp. 19-20;Exh. Gx-12, p. 44).

17. At the closing conference, Inspector Mleczko discussed "straw purchases" with Timothy Bakes, Scott Backes, and an employee and earlier provided the NSSF [National Shooting

6

Sports Foundation] pamphlet "Don't Lie for the Other Guy." The Inspector cautioned all to review Forms 4473 for completeness and not to transfer any firearm where the buyer indicates they are prohibited. (Exh. Gx-12, p. 44).

18.   On July 14, 2004, Timothy Backes signed as owner of Shawano an ATF Report of Violations attesting to the fact that he received a copy of the report of violations. (Trans. p. 19; Exh. Gx-13).

19.   The ATF Report of Violations sets forth the six violations and the corrective action to be taken. (Exh. Gx-13).

20.   As to the various violations found during the second compliance inspection, Inspector Mleczko states in a document dated September 1, 2004, that he did the following:

a).   Advised Timothy Backes that the business of transferring firearms, completing Forms 4473 and background checks must take place at his licensed premises, or gun show or "event;"

b).   Pertaining to the Youth Handgun Safety Act, provided a sign (ATF I 5300.1) and a notification [ATF I 5300.2] to be copied and distributed until additional forms could be ordered;

c).   Warned Timothy Backes, Scott Backes and another Shawano employee to carefully review Forms 4473 for completeness, for residency, for age and for responses to item 12 and to not proceed with any firearms transaction if the transferee is disqualified in these areas;

d).   Reviewed with Timothy Backes the findings as to the Forms 4473 and informed that he may not accept a P.O. Box as a residence address, that individuals residing on the

7

reservation must identify their residence by number and street and have identification to verify that location, and also instructed Timothy Backes to ensure all Forms 4473 were properly executed and complete at the time of transfer of a firearm. (Exh. Gx-12, p.42).

e). Reminded Timothy Backes that in the previous inspection he was cited for similar inaccuracies in his record of acquisition and disposition, that he must ensure the accurate accounting of firearms and that he should update his record with accurate information, and Mr. Backes did so. (Exh. Gx-12, p.43).

f). Instructed Timothy Backes to make a current hard copy print of the acquisition and disposition record, which he did, and was instructed to ensure this requirement of printing a hard copy of the record was met in the future. *Id*.

21. Licensee [Timothy Backes] was found to be operating with an improper license in that the license had been issued to Timothy Backes as a sole proprietor, but Backes had been operating his business since its inception as a limited liability corporation. (Trans. pp. 17-18; Exh. Gx-12, p, 40).

22. Subsequent to the second compliance inspection, Timothy Backes submitted a new application for a license that would accurately reflect his business entity. (Trans. pp. 17-18, 27; Exh. Gx-18, p. 60; Exh. Gx-19, p. 62).

23. Shawano Gun & Loan, LLC was licensed as a dealer, including pawnbroker, in firearms other than destructive devices in September 2005. (Exh. Gx-20, p. 63).

24. Timothy Backes was at its inception the owner of Shawano Gun & Loan and remains its owner. (Exh. Gx-14, p. 50; Exh. Gx-19, p. 62).

25. A letter dated March 11, 2005, from John Jarowski, ATF Director of Industry Operations

8

("DIO"), was sent to Timothy Backes regarding the second compliance inspection and

scheduling a meeting to discuss the violations found.  (Trans. pp. 26-27; Exh. Gx-15, pp.

52-53).

26.     The letter, in part, states as follows:

> You should be aware that any willful violations of Federal
> Firearms laws and regulations might result in revocation of
> your Federal Firearms License . . . [t]he agenda for the meeting
> will include a discussion of the reasons for the violations, a
> review of the legal requirements, and a discussion of steps to
> be taken by you to ensure future compliance.  Although we do
> not believe it necessary, legal counsel may assist you at your own
> expense if you so choose.  Please bring with you documentation
> verifying the corrective action you have taken.
>
> The records you are required to maintain and the business
> operations you conduct are important to law enforcement in
> our continuing efforts to reduce violent crime and ensure the
> public's safety.  It is essential that you comply with all firearms
> laws and regulations that govern your Federal Firearms License
> business.
>
> We will conduct a follow-up inspection in the future.  Any
> violations, either repeat or otherwise, could be viewed as
> willful and may result in the revocation of your license.

(Exh. Gx-15, p. 52).

27.     By letter dated April 2, 2005, Timothy Backes provided a response to ATF regarding the

multiple violations and how he intended to prevent the reported violations from

reoccurring.  (Trans. pp. 29-32; Exh. Gx-16, p. 55-57).

28.     A warning conference was held with Timothy Backes on April 19, 2005, where the

violations found during the second compliance inspection and the necessary corrective

action to prevent reoccurrence were discussed.  (Trans. pp. 27, 30-31; Exh. Gx-17, p. 58).

9

29.     As a follow-up to the warning conference, DIO Jarowski sent a letter to Timothy Backes

dated April 21, 2005.  (Trans. pp. 32-33; Exh. Gx-17, p. 58)..

30.     The April 21, 2005 letter states, in part, as follows:

> You were given the opportunity to comment on the violations
> and what specific action you have taken to ensure that the violations
> will not recur.  At the conference, you provided a written response
> and corrective action concerning each violation cited.  Specifically in
> regard to violations concerning Forms 4473, you stated each Form
> 4473 is now double checked by a second person before transfer.  You
> also stated you understand the importance of not transferring a firearm
> to a person who has indicated on Form 4473 that they are prohibited
> from receiving a firearm.  In regard to the acquisition / disposition
> record, you stated manager Scott Backes is now overseeing and
> maintaining the record and all entries are timely and properly made.
> You indicated you understood the severity of the violations and would
> work to ensure future compliance.
>
> The violations for which you were cited could adversely impact law
> enforcement's ability to reduce violent crime and protect the public.
> You are reminded that future violations, repeat or otherwise, could be
> viewed as willful and may result in the revocation of your license.
> You may anticipate further inspections to ensure your compliance.
>
> Please contact us if you have any questions concerning your
> responsibilities as a licensee or if you require further clarification
> about particular requirements of Federal Firearms laws.

(Trans. pp. 33-34; Exh. Gx-17, pp. 58-59).

31.     In March 2007, a third compliance inspection was conducted at Shawano by Industry

Operations Inspector ("IOI") Mary Jo Holpit which disclosed numerous violations,

including repeat violations from the 1999 and 2004 compliance inspections.  (Trans. pp.

95-100; Exh. Gx-21, pp. 71-76).

32.      The third compliance inspection disclosed seven violations as follows:

a).  The licensee had been using the computerized program "Pawnmaster" for the

10

acquisition and disposition record without an approved variance since moving the physical location of the business and changing the license from sole proprietorship to a limited liability corporation.

b). The licensee's acquisition and disposition record did not accurately reflect the firearms in inventory. Additionally, the disposition information in some instances reflected only "pick-up" dates on printed information. The licensee stated he had not printed an acquisition and disposition record in over 9 months. This was a repeat of violations cited in 1999 and 2004.

c). The licensee was not providing required Youth Handgun Safety Notice ATF I 5300.2 to purchasers of used handguns or pawn redemption transfers as required by statute. This was a repeat of a violation found in 2004.

d). Licensee is less than 1000 feet from a school and located within a school zone. Licensee was not insuring firearms entering and exiting the premises are contained in lockable containers.

e). The licensee failed to obtain valid identification in at least four instances. Examples included two instances of no identification, one instance of use of Tribal identification and one instance of a Texas drivers license for a Wisconsin address. The licensee also had errors involving the expiration date of the identification on approximately 50% of the forms. This was a repeat of a violation found in 2004.

f). The licensee failed to properly execute ATF Forms 4473 and ensure their completion by the transferee. The licensee also contacted the NICS or State Handgun Hotline completing the transfer of the firearms with numerous errors and omissions, including in

11

some instances the purchaser indicating they were prohibited purchasers. This was a repeat of violations found in 1999 and 2004.

g). Shawano knowingly assisted in the use of straw purchasers by altering pawn tickets and reprinting the pawn tickets in the straw purchaser's name. Sales denied by the Handgun Hotline or NICS were followed either the same day or within a few days by straw purchasers residing at the same address as the prohibited persons. (Trans. pp. 101-131; Exh. Gx-21, p.71-77; Exh. Gx-22).

33.   IOI Holpit notes in her Firearms Inspection Report that owner Timothy Backes and store manager Scott Backes were interviewed during the period of the inspection. (Exh. Gx-21, p. 66).

34.   IOI Holpit notes in her Firearms Inspection Report that the licensee has acquired 3,896 firearms and disposed of approximately 2,942 firearms during the period (January 1, 2006, through March 15, 2007). (Exh. Gx-21, p. 66).

35.   On March 15, 2007, Timothy Backes signed as owner of Shawano an ATF Report of Violations attesting to the fact that he received a copy of the report of violations. (Trans. p. 101; Exh. Gx-22).

36.   The ATF Report of Violations sets forth the seven violations and the corrective action to be taken. (Exh. Gx-22).

37.   In response to not holding a variance under the current federal firearms license to use the "Pawnmaster" computer program as the acquisition and disposition record, on March 7, 2007, Timothy Backes provided IOI Holpit a variance request. (Exh. Gx-21, p. 72; Exh. Gx-23, p. 84).

12

38. Also in response to the violations found during the 2007 compliance inspection, Timothy Backes submitted a letter response to IOI Holpit addressing each of the violations. (Trans. p. 131; Exh. Gx-23, pp. 83-86).

39. On October 30, 2007, Mary Jo Hughes, the Director of Industry Operations for St. Paul Field Division, issued a Notice of Revocation of License revoking the federal firearms license of Shawano Gun & Loan, LLC. (Exh. Gx-1, pp. 1-9).

40. The Notice of Revocation set forth the following willful violations of the Gun Control Act (Title 18, United States Code, Chapter 44) and the regulations issued thereunder:

   A. Count One – Between approximately January 1, 2006 and March 15, 2007, the Licensee willfully disposed of fifty-four (54) firearms to non-licensees and willfully failed to record said disposition in its acquisition and disposition book in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.125(e). This is a repeat violation from the 1999 and 2004 compliance inspections and the 2005 warning conference.

   B. Count Two – From approximately January 1, 2006 until March 15, 2007, the Licensee willfully failed to complete and correct thirteen (13) Firearms Transaction Records (ATF Forms 4473) relating to the transfer of firearms to non-licensees in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c). This is a repeat violation from the 1999 and 2004 compliance inspections and the 2005 warning conference.

   C. Count Three – From approximately March 13, 2006 until October 17, 2006, the Licensee willfully made false entries, and aided and abetted the making of false entries by another, in a record to be kept pursuant to Title 18, United States Code, Section 923, in five transactions (straw purchases) in violation of 18 U.S.C. §§ 2, 922(a)(6), 922(m), and 924(a)(1)(A) and 27 C.F.R. § 478.128(b)and (c).

   D. Count Four – Between March 8, 2006 and November 16, 2006, the Licensee in three (3) instances willfully sold or otherwise disposed of a firearm wherein the transferee indicated that he or she was a prohibited person in violation of 18 U.S.C. § 922(d)(9) and 27 C.F.R. § 478.99(c)(9). This is a repeat violation from the 2004 compliance inspection and the 2005 warning conference.

   E. Count Five – Between August 15, 2006 and November 6, 2006, the Licensee in

13

three (3) instances willfully sold or otherwise disposed of firearms wherein the transferee indicated that they were not the actual purchaser of the firearm in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(a) and (c).

(Exh. Gx-1, pp. 1-9).

41.    The errors and/or omissions on thirteen (13) ATF Forms 4473 that comprise Count Two

in the Notice of Revocation are more specifically set forth as follows:

1.    On ATF Form 4473, Transferor's Transaction Serial Number 06-017, Licensee failed to obtain a response to Item 11L (Exh. Gx-27, pp. 108-111);

2.    On ATF Form 4473, Transferor's Transaction Serial Number 06-863, Licensee failed to obtain a response to Item 11e (Exh. Gx-28, pp. 112-115);

3.    On ATF Form 4473, Transferor's Transaction Serial Number 06-1077, Licensee improperly recorded a Texas driver's license in Item 20a where the Transferee provided a Wisconsin address (Exh. Gx-29, pp. 116-118);

4.    On ATF Form 4473, Transferor's Transaction Serial Number 06-1590, Licensee failed to obtain a response to Items 11d, 11g, 11j and 11k (Exh. Gx-30, pp. 119-121);

5.    On ATF Form 4473, Transferor's Transaction Serial Number 06-1694, Licensee failed to obtain transferor's/buyer's signature in Item 16 (Exh. Gx-31, pp. 122-124);

6.    On ATF Form 4473, Transferor's Transaction Serial Number 06-1739, Licensee failed to obtain a response to Item 11L (Exh. Gx-32, pp. 125-127);

7.    On ATF Form 4473, Transferor's Transaction Serial Number 06-1756, Licensee failed to obtain a response to Item 11L (Exh. Gx-33, pp. 128-130);

8.    On ATF Form 4473, Transferor's Transaction Serial Number 07-159, Licensee failed to obtain transferor's/buyer's signature and certification date in Items 16 and 17 (Exh. Gx-34, pp. 131-133);

9.    On ATF Form 4473, Transferor's Transaction Serial Number 06-2161, Licensee failed to obtain a response to Items 11a and 25 (Exh. Gx-35, pp. 134-137);

10.    On ATF Form 4473, Transferor's Transaction Serial Number 07-268, Licensee failed to record type of identification, number on identification and expiration date

14

of identification in Item No. 20a (Exh. Gx-36, pp. 138-140);

11.    On ATF Form 4473, Transferor's Transaction Serial Number 07- 274, Licensee failed to record the number on identification and expiration date of identification in Item No. 20a (Exh. Gx-37, pp. 141-143);

12.    On ATF Form 4473, Transferor's Transaction Serial Number 07- 311, Licensee failed to obtain a response to Item 11L (Exh. Gx-38, pp. 144-146); and

13.    On ATF Form 4473, Transferor's Transaction Serial Number 07-379, Licensee failed to obtain a response to Item 11a (Exh. Gx-39, pp. 147-149).

(Trans. pp. 106- :Exh. Gx-1, pp. 2-3, Gx-26, and Exhibits as noted herein).

42.    On November 5, 2007, the Notice of Revocation was served upon Shawano Gun & Loan, LLC by certified mail.  (Exh. Gx-1, p. 10).

43.    By letter dated November 16, 2007, Shawano Gun & Loan, LLC by its attorneys timely requested a hearing with respect to the allegations contained in the Notice of Revocation. (Exh. Gx-2, p. 11).

44.    On August 7, 2008, the administrative hearing was conducted in Milwaukee, Wisconsin before Hearing Officer Michael Price.  (Trans. pp. 1-3).

45.    The government, by ATF Counsel Thomas Karmgard, presented witness testimony from IOI Casimir Mleczko and IOI Mary Jo Holpit.  (Trans. pp. 5-91; 92-197).

46.    IOI Holpit testified that during the 2007 compliance inspection Shawano was not following the computer variance in that the semi-annual acquisition and disposition record had not been printed out.  (Trans. pp. 103-104).

47.    IOI Holpit testified that during the 2007 compliance inspection there were 54 firearms for which no dispositions were recorded and this comprises the violation at Count One. (Trans. pp. 104-105).

15

48. To document the Count One violation, IOI Holpit only used a sampling of the computerized record; pages 1183 through 1201. (Trans. p. 105).

49. There could have been more violations of this nature, but IOI Holpit did not print up additional pages from the record. (Trans. p, 105).

50. The Licensee presented testimony from Shad Lewis, Timothy Backes and Robyn Marthenze. (Trans. pp. 199-304).

51. Shad Lewis runs a computer consulting service and holds a computer forensics certification. (Trans. pp. 208-209).

52. Shad Lewis testified that after examining the hard drive and computer records at Shawano, he found that the disposition entries of the 54 firearms at issue were made contemporaneously with the actual purchase or pick-up of the firearm, but were not input properly into the computer. (Trans. pp. 209-210).

53. According to Shad Lewis, at the time of the 2007 compliance inspection, the disposition record of the 54 firearms was viewable on the computer screen but could not be printed out. (Trans. pp. 210, 212-213).

54. Timothy Backes testified that after the 2007 compliance inspection as to the ATF Forms 4473, he fired one employee and instructed the remaining employees to be more careful and to make sure the forms were completely filled out. (Trans. p. 238).

55. Timothy Backes admitted that the Forms 4473 were not accurately filled out, but that did not occur as a result of disrespect or disregard of the ATF rules. (Trans. pp. 242-243).

56. During the hearing, the following exchange occurred between Attorney Karmgard asking the questions and Timothy Backes answering:

16

Q:  Now, when you got involved in being a Federally licensed firearms dealer, you knew that it was a highly regulated business?

A:  Yes.

Q:  And would you agree that you're responsible for keeping up on the laws and the regulations?

A:  Yes.

Q:  And as the owner you're the one who is ultimately responsible for making sure that things go right?

A:  Yes.

Q:  And would you agree that as the owner of Shawano Guns you are ultimately responsible for making sure that your business complied with all federal laws and regulations?

A:  Yes.

(Trans. p. 279).

57.  Timothy Backes admitted that he did not review the computer printouts of the acquisition and disposition record and stated that he was compliant because "[e]verything I used was in the computer."  (Trans. p. 284).

58.  With respect to Count Three, the violations involving alleged straw purchases, Timothy Backes visited four of the five involved individuals and obtained statements from them, each attesting that the purchase was legitimate.  (Trans. pp. 253-269; Exh. Lx-13).

59.  After the hearing, Hearing Officer Michael Price prepared a Memorandum to the Director of Industry Operations dated August 15, 2008, regarding his Report and Recommendation concerning Shawano Gun & Loan, LLC (Docket #16, Memorandum to the Director of Industry Operations dated August 15, 2008, hereinafter "Memo").

17

60.     The Memo includes the following "FINDINGS OF FACT:"

Count 1– Violation of 18 USC 923(g)(1)(A) and 27 CFR 478.125(e) by failing to properly record the disposition of at least 54 firearms into the A&D record.

The Government has established that this violation occurred through testimony and introduction of Exhibits Gx-21, p. 66, Gx-22, p. 78 and Gx-25, p. 88. The licensee provided credible evidence that there was some sort of data corruption that occurred from some event and that the disposition information was in the computerized system at the time of the inspection. However, the licensee had not made the required printout of the A&D record for some time. IOI Holpit indicated that it may have been 9 months since the A&D record had been printed out. Had the licensee been printing out the A&D record in compliance with the terms of the computer records variance approval, it s more likely than not this problem would have been spotted earlier and steps taken to correct the lack of disposition entries in the printout.

Count 2 – Violation of 18 USC 923(g)(1)(A) and 27 CFR 478.124(c) for failing to obtain complete and correct ATF Forms 4473 on 13 occasions.

The Government has established, through testimony and introduction of Exhibits Gs-21, p. 66, Gx-22, p. 78, and Gx-27 through Gx-39, pages 108 through 149, that this violation occurred. The licensee did not dispute the occurrence of these violations but did attempt to minimize them as clerical errors.

Count 3 – Violation of 18 USC 922(a)(6), 922(m) and 924(a)(1)(A) and 27 CFR 478.128(b) and 478.128(c) by willfully making false record entries and aiding and abetting the making of false record entries on five occasions by allowing straw transfers.

Through testimony and introduction of evidence (Exhibits Gx-21, p. 66, Gx-22, p. 78, Gx-40 through 47, pages 150 through 173 and Gx-55-56, pages 195 through 202), the Government has established that the licensee transferred firearms to individuals they had reason to believe were prohibited from possessing such firearms.

The licensee presented evidence, Lx-13, which consists of a series of statement [sic] from four of these five transferees. Mr. Backes interviewed these individuals at the request of Mr. Dall'Osto. Some of these statements seem credible; some do not. However, it remains that **at the time of transfer** the licensee had reason to believe that another person was purchasing or picking up a firearm for another person who was disabled from possessing a firearm and took no extra steps to ensure this would not happen.

<u>Count 4 – Violation of 18 USC 922(d)(9) and 27 CFR 478.99(c)</u> by transferring a firearm(s) to three individuals who indicated on ATF Form 4473 that they were prohibited from possessing firearms.

Through testimony and introduction of evidence, GX-21, p. 66, Gx-22, p. 78 and Gx-48 through 50, pages 174 through 182, the Government has established this violation.

The licensee stated that all these individuals cleared NICS and that no firearm was transferred to a prohibited person. As the Government noted, it is the licensee's responsibility to review these forms and stop any transaction where there is a reason to believe the transferee is not eligible to receive a firearm. Answering "yes" to question 11-B through 11-1 is certainly a reason to believe the customer is not entitled to possess a firearm.

<u>Count 5 – Violation of 18 USC 923(g)(1)(A) and 27 CFR 478.124(a) and (c)</u> by transferring firearms on three occasions to persons who indicated on ATF Form 4473 that they were not the actual buyer of the firearm(s).

The Government has established this violation through testimony and introduction of evidence – Exhibits Gx-21, p. 66, Gx-22, p. 78 and Gx-51 through 53, pages 183 through 192. The licensee's explanation that people redeeming pawned firearms are often confused by this question, while believable (and all these transactions were pawn redemptions), it is the licensee's responsibility to ensure proper completion of the ATF Form 4473. If the customer is confused, then there is always the opportunity to change their answer if it is an incorrect answer. By the licensee's own admission, many customers do change their answer to this question.

(Docket #16, Memo, pp. 26-27; emphasis in original).

61.    In the section entitled, "CONCLUSIONS," Hearing Officer Price concludes that the

violation were willfully committed in that he found that Timothy Backes, as owner of

Shawano Gun & Loan, LLC, was aware of his legal obligations and finds that there was

an indifference to becoming personally involved to ensure the corrective action he only

directed to be taken actually met the criteria for compliance. (Docket #16, Memo, p. 29).

62.    In the section entitled, "RECOMMENDATION," Hearing Officer Price recommends that

the license issued to Shawano be revoked.  (Docket #16, Memo, p. 31).

63.    A Final Notice of Denial of Application or Revocation of Firearms License was signed by

Mary Jo Hughes, Director of Industry Operations, on December 18, 2008.  (Docket #16,

Final Notice of Denial of Application or Revocation of Firearms License (hereinafter,

"Final Notice", p. 1).

64.    The DIO revoked the license of Shawano on the basis of the five violations as originally

set forth in the Notice of Revocation .  (Docket #16, Final Notice).

65.     The DIO concludes in the Final Notice "that the record in the case demonstrates that the

Licensee is familiar with the record keeping and other requirements imposed on a Federal

firearms license . . .  [and] the record demonstrates that the Licensee has been plainly

indifferent to, and in some instances has acted in purposeful disregard of, these record

keeping and other requirements."  (Docket #16, Final Notice,  p. 14).

Dated at Milwaukee, Wisconsin, this 21st day of January, 2010.

<div style="margin-left:40%">

JAMES L. SANTELLE
United States Attorney

By:    /s Lisa T. Warwick

LISA T. WARWICK
Assistant United States Attorney
State Bar # 1017754
Attorney for Respondent
530 Federal Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI  53202
Telephone:   (414) 297-1700
Fax:    (414) 297- 4394
E-mail: lisa.warwick@usdoj.gov

</div>

20

Agency Counsel:
Patricia R. Cangemi
Division Counsel, St. Paul Field Division
Bureau of Alcohol, Tobacco, Firearms and Explosives
St. Paul, MN 55101