UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWANO GUN & LOAN, LLC
d/b/a SHAWANO GUN & LOAN,

   Petitioner,

v.

               Case No. 09-C-150

MARY JO HUGHES, Director of Industry
Operations, Bureau of Alcohol, Tobacco,
Firearms and Explosives,

   Respondent.

## ORDER GRANTING STAY

  Petitioner, Shawano Gun & Loan, LLC, d/b/a Shawano Gun & Loan LLC (hereinafter "Shawano") commenced this action for a *de novo* review of the decision of the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF") to revoke Shawano's federal firearm sales license. Respondent Mary Jo Hughes, Director of Industry Operations, ATF moved for summary judgment. On August 2, 2010 I granted summary judgment affirming the ATF decision to revoke Shawano's license. (Dkt. 39 and 40.) Shawano promptly appealed my decision to the Seventh Circuit (Dkt. 48) and moved to stay enforcement of this Court's judgment pending appeal. (Dkt. 42.)

## ANALYSIS

  This Court balances competing interests when deciding whether to grant a stay pending appeal. Four factors must be considered: (1) whether appellant has made a showing of likelihood of success on appeal; (2) whether the appellant has demonstrated a likelihood of irreparable injury absent a stay; (3) whether a stay would substantially harm other parties to the litigation, and

(4) where the public interest lies. *Glick v. Koenig,* 766 F.2d 265, 269 (7th Cir. 1985). Each factor is addressed separately below.

**I. Likelihood of Success on Appeal**

Analyzing the likelihood of success on appeal requires this Court to review its own decision to determine whether Shawano has an argument that may succeed on appeal. Here Shawano takes issue with this Court's interpretation of the term "willfully" under 18 U.S.C. §923(e). This Court held that a licensee's violation is "willful" if the licensee "knew of his legal obligation and purposefully disregarded or was plainly indifferent to the record-keeping requirements." *Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 487 (7th Cir. 2006). In addition this Court held that bad purpose or evil motive need not be shown to establish a "willful" violation. *Stein's Inc. v. Blumenthal*, 649 F.2d 463, 467 (7th Cir. 1980).

Shawano's appellate argument can be summarized as follows: while the holding in *Stein's* may have been correct at the time it was decided, that decision predated the Firearms Owners Protection Act of 1986, Pub.L. No. 99-308, 100 *Stats.*, 449, 453 (1986), in which Congress adopted a looser "willfulness" standard as set out in a 1974 federal court decision, *Rich v. United States,* 383 F. Supp. 797 (S.D. Ohio 1974). Shawano's appeal is based on its view that Congress did not intend for firearms dealers to lose their licenses for careless disregard, or because of indifference to the law, or even for negligent errors were made or repeated. Congress, according to Shawano, wants the ATF to prove that a licensee's acts were more than "inadvertent errors or technical mistakes."

Shawano's position is not unreasonable. While the circuit court may eventually find Shawano's actions were "willful" under either definition, it is possible that the circuit will reverse and allow Shawano to retain its firearms license. For purposes of its motion to stay pending appeal

2

Shawano has made a sufficient showing that it has a likelihood of success of convincing the Court of Appeals that Shawano's violations of the Gun Control Act were not willful.

## II. Likelihood of Irreparable Injury

Unless this Court grants a stay Shawano Gun will not be able to continue to conduct its normal business operations during the appeal process. A stay order is essential to prevent Shawano Gun from being put out of the business of buying, obtaining by pawn, and selling firearms. This Court is mindful that Shawano Gun is a business with employees. An order denying a stay would potentially impact not only the business but the employees as well.

## III. Substantial Harm to Other Parties

The ATF is the only other party involved in this action. While the ATF does have an interest in controlling what entities deal in firearms, a stay will not affect the ability of the ATF to continue to closely monitor and inspect Shawano's operations. The ATF has done just that over the past two years, while, during the pendency of the administrative revocation process, Shawano has been allowed to continue to buy and sell firearms. In sum the ATF will not suffer substantial harm if Shawano is permitted to stay open while its appeal is pending.

## IV. Interest of the Public

The ATF formally revoked Shawano's licence in 2008 but a stay of the effective date and enforcement of that revocation has been in effect since that time. Practically speaking the ATF has allowed Shawano to continue to purchase and sell firearms during the pendency of the administrative and legal review process. During that period of time, Shawano argues, it has done nothing to "harm or endanger other parties or the public interest, safety or welfare." (Reply Br. at

3.) Shawano Gun, its owners, employees and its legal counsel pledge to comply with the requirements of the Gun Control Act and ATF regulations during the time of such stay on appeal.

## CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Stay Pending Appeal and Waiver of Bond (Dkt.43) is **GRANTED**.

**SO ORDERED** this ___20th___ day of September, 2010.

BY THE COURT:

_s/ William C. Griesbach_
William C. Griesbach
U.S. District Judge